UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., successor in interest to AMERIHOST FRANCHISE SYSTEMS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>D&T HOTELS, LLC, an Ohio limited liability company, PALWINDER S. DHILLON, an individual and JAGROOP S. TOOR, an individual,<br><br>Defendants. | Civ. No. 13-5322 (KM)<br><br>MEMORANDUM OPINION and ORDER |

## KEVIN MCNULTY, U.S.D.J.:

Plaintiff Baymont Franchise Systems, Inc. ("Baymont") brings this breach of contract suit against its franchisee D&T Hotels, LLC ("D&T"). It includes as defendants Palwinder S. Dhillon ("Dhillon") and Jagroop S. Toor ("Toor"), who owned 65 percent and 35 percent of D&T, respectively, at the time D&T entered the contract at issue. Toor, an Ohio resident, moves to dismiss the claims against him for lack of personal jurisdiction. Because of the need to develop additional facts bearing on jurisdiction, I will administratively terminate Toor's motion, subject to reinstatement or refiling after jurisdictional discovery.

### Facts and Contentions

Baymont and Toor agree that in 2006, Dhillon solicited Toor to invest in D&T, a company formed for the purpose of acquiring commercial property in Wilmington, Ohio and operating a hotel there. (10/31/13 Declaration of Toor at ¶ 9). Toor acquired a 35 percent interest.[1] (*Id.* at ¶ 10). D&T thereafter entered a franchise agreement with Amerihost Franchise Systems, Inc., Baymont's predecessor in interest. The franchise agreement informed D&T that "[y]ou consent and waive your objection to the non-exclusive personal jurisdiction of

---

[1] Toor sold his interest in 2010. (10/31/13 Declaration of Toor at ¶ 11).

1

and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between we and you." (Affidavit of Suzanne Fenimore, Ex. C at § 17.6.3). In January 2012, D&T terminated the agreement, precipitating this suit. (Complaint ¶¶ 23-24).

Both Dhillon and Toor appear to have signed the franchise agreement. Dhillon appears to have signed on behalf of D&T, and Toor appears to have signed as witness. (*Id.*). In addition, each appears to have signed a guaranty of D&T's obligations under the Franchise Agreement. The guaranty incorporates the franchise agreement's forum selection clause. (*Id.* at Ex. D).

Toor brings this motion based on his sworn statement that he did not actually sign the franchise agreement or the guaranty. He was, in his words, a "passive investor" who took no action with respect to D&T's negotiation of or entry into the franchise agreement. He states that he never saw the franchise agreement prior to this suit. Toor has at all times lived in Ohio, and states that he has no New Jersey property or bank account, or any other links to this State. (10/31/13 Declaration of Toor ("First Toor Dec.")). Toor argues that there is no basis for this Court to assert personal jurisdiction over him.

In its opposition, Baymont characterizes Toor's declaration as self-serving, uncorroborated, and unexplained. It attaches additional documents in the form of a franchise application form (addressed to Amerihost's New Jersey address) referring to Toor as an investor and including his signature (Fenimore Aff. at Ex. A), as well as a franchise closing acknowledgment apparently signed by Toor (*id.* at Ex. B). Baymont argues that, even setting aside the forum selection clause, Toor has contacts with New Jersey sufficient to support personal jurisdiction because Toor, as owner of D&T, knowingly did business with a New Jersey entity.

On reply, Toor declares that he did not sign the application or the closing acknowledgment introduced by plaintiffs. (11/23/13 Declaration of Toor ("Second Toor Dec.")). He contends that his lack of involvement precludes this Court's exercise of jurisdiction under any rationale, that his contacts must be assessed separately from those of D&T, and that he must prevail on this motion since Baymont did not rebut his factual evidence.

### Discussion

A plaintiff bears the burden of proving demonstrating the court's personal jurisdiction over a defendant by a preponderance of the evidence. *See generally* Wright & Miller Federal Practice and Procedure: Civil 3d §1351 n. 29. On a 12(b)(2) motion, however, the court has "considerable procedural leeway," *id.* at n. 32, and may "assist the plaintiff by allowing jurisdictional discovery unless the plaintiffs claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two*

2

S.A., 318 F. 3d 446, 456 (3d Cir. 2003) (quoting *Mass. School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997)).

Baymont's factual allegations— that Toor was an owner of a company created for the purpose of operating a hotel and that Toor appears to have signed, in that capacity, multiple documents including a personal guaranty submitting Toor to the jurisdiction of this Court— "suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *See id.* (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992)). Given the need to flesh out the facts of this case, jurisdictional discovery would be much more than, to use the obligatory cliché, a mere "fishing expedition." *Cf. Nagel Rice, LLP v. Coffman*, 2013 U.S. Dist. LEXIS 75517, *17 (D.N.J. May 1, 2013) (quoting *LaSala v. Marfin Popular Bank Public Co., Ltd.*, 410 F. App'x 474, 478 (3d Cir. 2011)).

Toor's sworn statements leave open numerous factual issues that warrant exploration before I rule on the jurisdictional issue. For example, as to the guaranty and the franchise acknowledgement form, Toor states categorically that he did not sign *or authorize* anyone to sign. As to the franchise agreement, however, he states only that he did not sign. (First Toor Dec. at ¶¶ 15-17; Second Toor Dec. at ¶ 6). Toor states that he had never seen the franchise agreement before this litigation (First Toor Dec. at ¶14), but does not say the same with respect to the guaranty, the franchise application, or the closing acknowledgment. Likewise, he does not state, as to *any* relevant document, that he was unaware of the document's existence. Considering the distinct purpose of his investment, it is rational to surmise that Toor may have ratified, reviewed or at least known about such documents. But there is no adequate record from which I could draw a conclusion either way.

As to D&T's franchise agreement, Toor states that he "took no actions" with respect to its negotiation; as to the guaranty, however, he makes no such statement. (*Id.* at ¶¶ 13-17). Nor does Toor state that he was unaware of the matters being negotiated, such as the forum selection clause, or of the fact that the franchisor was based in New Jersey. Dhillon could have, and naturally would have, shared these things with Toor, his co-venturer. More generally, Toor offers no explanation of the manner in which his purported signature came to be affixed to these documents. Nor does he explain why he would *not* have signed such documents, since they seemingly effectuate the central purpose of his investment in D&T.

I do not prejudge the matter or suggest that these questions could not have satisfactory answers. The record is simply incomplete. And on the present record, it would be procedurally unfair to rule against Baymont without giving it the opportunity to seek additional facts which may or may not be in the sole control of others, including Toor.

For the reasons stated above, and good cause appearing therefor,

**IT IS** this 5th day of December, 2013, **ORDERED** as follows:

Defendant Toor's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) is **ADMINISTRATIVELY TERMINATED** without prejudice.

It is further **ORDERED** that the parties may conduct discovery, focused on the issue of personal jurisdiction, for a period not to exceed 60 days, unless that period is extended for good cause by the Magistrate Judge.

It is further **ORDERED** that any deposition of Mr. Toor conducted pursuant to this Order shall be held reasonably close to his home or business in Ohio, unless otherwise agreed by the parties.

It is further **ORDERED** that the parties shall contact Magistrate Judge Hammer within 5 business days to set up a discovery conference, to be held in person or by electronic means at the Magistrate Judge's option.

It is finally **ORDERED** that, at the completion of the discovery period, the parties shall have 21 days to supplement the record on this pending motion with additional certifications and, if they choose, additional briefs.

                                                HON. KEVIN MCNULTY
                                                United States District Judge

Dated: December 5, 2013
Newark, New Jersey